Filed 3/5/25  P. v. Alejandre CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063423, G063424 |
| v. | (Super. Ct. No. 16CF0820, 16CF0610) |
| IRAN ALEJANDRE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from postjudgment orders of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura G. Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

Except for certain sex offenses, the Legislature has generally determined that one-year prison priors "imposed prior to January 1, 2020" are "legally invalid." (Pen. Code, [1] § 1172.75, subd. (a).) The Legislature has further provided that if a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

The sole issue in these consolidated appeals is whether section 1172.75 applies when a trial court strikes a prison prior for purposes of sentencing. Our Supreme Court is considering this issue and will have the last word. In the meantime, we agree with the only published opinion which addresses this question and hold "that section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 193 (*Espino*), review granted Oct. 23, 2024, S286987.)

Here, defendant Iran Alejandre petitioned for relief under section 1172.75. The trial court denied his petitions because his prison prior was struck for purposes of sentencing. Following *Espino's* lead, we reverse the court's order and remand with directions to resentence Alejandre.

---

[1]  All further statutory references are to this code.

## I.

## FACTS

Alejandre was charged in 2016 with street terrorism, being a felon in possession of a firearm, and various other offenses and enhancements, including an enhancement for serving a prior felony prison term (§ 667.5, subd. (b))—i.e., a "prison prior." He was separately charged with attempted murder (§§ 664, 187) and various other offenses and enhancements, including the same prison prior. The two cases were treated as companion matters.

In 2019, Alejandre pleaded guilty in both cases; as part of his pleas, he admitted the prison prior with the understanding that the enhancement would be stricken for purposes of sentencing. The trial court struck the prison prior for purposes of sentencing; it then sentenced Alejandre to a total term of 15 years in one case and a concurrent term of seven years in the other.

In 2022, our Legislature enacted section 1172.75, which provides that sentencing enhancements imposed for prison priors under section 667.5 are now invalid, and that persons serving a term for a judgment that includes such an enhancement must be resentenced. Alejandre filed resentencing petitions in both cases. The trial court summarily denied both petitions, finding him ineligible for relief. The court reasoned that section 1172.75 applies only when the enhancement was "imposed," not where (as here) the enhancement was stricken.

Alejandre filed notices of appeal, and we consolidated his appeals.

3

## II.

## DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Burgess, supra,* 86 Cal.App.5th at p. 380.)

Section 1172.75 directs the Department of Corrections and Rehabilitation to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless

the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

The question before us is whether Alejandre is entitled to be resentenced under section 1172.75 when his prior prison term enhancement was stricken for purposes of sentencing. Pending direction from the Supreme Court, we follow the reasoning of *Espino, supra*, 104 Cal.App.4th 188, review granted, and conclude he is.[2]

We review this question of statutory interpretation de novo. The majority in *Espino* "conclude[d] that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino, supra*, 104 Cal.App.5th at p. 194, rev. granted.)

According to the majority view in *Espino*: "[I]n some circumstances, when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue

---

[2] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now invalid prison prior had been stricken, the Supreme Court has granted review to resolve a conflict among the Courts of Appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853; *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547.)

conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino, supra*, 104 Cal.App.5th at p. 201, rev. granted.)[3]

This case presents the same circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude Alejandre is entitled to resentencing.

## III.

## DISPOSITION

The orders denying Alejandre's petitions are reversed, and the matters are remanded to the trial court for resentencing. Upon resentencing, the court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

---

[3] Although we adopt the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.